UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON JACKSON,                           Case No. 22-13150
                    Plaintiff,
v.                                       Shalina D. Kumar
                                         United States District Judge
MICHIGAN, STATE OF, *et al.*,
                    Defendants.          Curtis Ivy, Jr.
_____/         United States Magistrate Judge

## <u>REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 10).</u>

Plaintiff Aaron Jackson, proceeding *pro se*, filed this suit on December 29, 2022.  (ECF No. 1).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 6).  This matter is presently before the Court on Defendants Bradley Lane, Merik Whipple, Jeffrey Rodgers, and the State of Michigan's motion to dismiss.  (ECF No. 10).

## I.    DEFENDANTS' MOTION TO DISMISS

Defendants argue that dismissal is proper under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) because Plaintiff has failed to effectuate proper service.  (ECF No. 10).

"The serving party bears the burden of establishing the validity of service." *Thomas v. Navient Sols., Inc.*, No. 2:17-CV-12232, 2018 WL 3141946, at *1 (E.D. Mich. June 27, 2018) (citing *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416

F. Supp. 2d 561, 563 (E.D. Mich. Feb. 22, 2006).  Defendants challenge the

sufficiency of service under both 12(b)(4) and 12(b)(5).  As a threshold matter, it is

necessary to distinguish the motion under Rule 12(b)(4) from that under Rule

12(b)(5):

> An objection under Rule 12(b)(4) concerns the form of the process
> rather than the manner or method of its service.  Technically,
> therefore, a Rule 12(b)(4) motion is proper only to challenge
> noncompliance with the provisions of Rule 4(b) or any applicable
> provision incorporated by Rule 4(b)[1] that deals specifically with the
> content of the summons.  A Rule 12(b)(5) motion is the proper vehicle
> for challenging the mode of delivery or the lack of delivery of the
> summons and complaint.

5B Charles Alan Wright and Arthur R. Miller, Federal Practice and

Procedure § 1353 (3d ed.).

A challenge to the form of process under 12(b)(4) "must identify substantive

deficiencies in the summons, complaint or accompanying documentation."  *D.S. by*

*& through C.S. v. Rochester City Sch. Dist.*, No. 6:19-CV-6528 EAW, 2020 WL

7028523, at *4 (W.D. N.Y. Nov. 30, 2020) (quoting *DiFillippo v. Special Metals*

*Corp.*, 299 F.R.D. 348, 352-53 (N.D. N.Y. Mar. 26, 2014)).

In contrast, under Federal Rule of Civil Procedure 12(b)(5) a case may be

dismissed for insufficient *service* of process.  Fed. R. Civ. P. 12(b)(5).  The

---

[1] "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.  A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."  Fed. R. Civ. P. 4(b).

plaintiff is responsible for serving the summons and complaint within the time
allowed by Federal Rule of Civil Procedure 4(m).   *See* Fed. R. Civ. P. 4(c)(1).
Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the plaintiff—
> must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time. But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m).   "But 'the plaintiff's failure to obtain proper service of
process, even if inadvertent, is not enough to establish good cause.'"   *Sy v.
Oakland Physician Med. Ctr., LLC*, No. 18-10458, 2021 WL 4847137, at \*2 (E.D.
Mich. Oct. 18, 2021) (subsequent appellate history omitted) (quoting *Slenzka v.
Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. Dec. 13, 2001)).

   Still, in the Sixth Circuit even "[i]n the absence of good cause, Rule 4(m)
permits . . . [c]ourt[s] to exercise discretion to extend the time for service as an
alternative to dismissal."   *N125DJ, LLC v. Nextant Aerospace, LLC*, No. 1:21 CV
1160, 2022 WL 19349897, at \*3 (N.D. Ohio Sept. 9, 2022) (quoting *Ferritto v.
Cuyahoga Cty.*, No. 1:16-CV-475, 2018 WL 1757410, at \*2 (N.D. Ohio Apr. 12,
2018); *Warrior Imps., Inc. v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio Mar. 29,
2016) (same)); *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565,
568 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel.
Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 215 L. Ed. 2d 51 (2023)

("But absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe.") (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

In determining whether to exercise this discretion, the factors considered by the Court include:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at *10 (6th Cir. Apr. 24, 2023) (quoting *Oakland Physicians Med. Ctr.*, 44 F.4th at 569).

The Defendants argue that service in this case is deficient because they were not served with the summonses issued by this Court, the Eastern District of Michigan, but were served with summons from Plaintiff's Genesee County Circuit Court case.  (ECF No. 10, PageID.48).  Indeed, in his response brief, Plaintiff appears to concede that Defendants Whipple, Rodgers, and Lane have been served with the "summonses previously issued by the [G]enesee [C]ounty [C]lerk."  (ECF No. 17, PageID.116).  All the documents that Plaintiff has submitted as proof of

4

service indicate the documents are for case 22-118216-CZ, which is not the case

number for *this* case in the Eastern District of Michigan.  (ECF Nos. 8; 12).  The

undersigned notes that the proof of service documents reflect attempts to serve

Whipple, Lane, and Rodgers, but do not reflect attempts to serve the State of

Michigan.  (*Id.*).

On April 28, 2023, the summonses issued and mailed to Plaintiff by this

Court on January 20, 2023, were returned as undeliverable.  (ECF No. 19).

Plaintiff notified the Court of his change in address in February 2023, but because

the summonses were mailed by this Court prior to the notification of change in

address it appears that Plaintiff has not received them.  The summonses were

returned as undeliverable after the Defendants filed their motion to dismiss.

The undersigned suggests that Defendants in this case have not been

properly served because all the proof of service submitted by Plaintiff indicates the

Defendants have been served with the Genesee County summonses, not the

summonses for the Eastern District of Michigan.  (ECF Nos. 8, 12).  As

Defendants appear not to have been served with this Court's summonses, they have

not been served within the 90 days permitted under Federal Rule of Civil

Procedure 4(m).  As to whether good cause exists to extend the time for service,

Plaintiff's motion asserts that the Defendants have been served.  But, again, he

submits the proof of service with the state court case number for all Defendants. (ECF No. 12).

In any event, the undersigned suggests that a discretionary extension of the time to serve is warranted.  Here, an extension of time would be beyond the time for service of process, but the other factors in this case strongly support that a discretionary extension is warranted.  Defendants do not argue that they would be prejudiced by an extension of the time for service.  Further, Defendants have actual notice of this lawsuit because they have appeared to challenge the service and argue the case should be dismissed.

As to whether Plaintiff's lawsuit would be time barred, Plaintiff's allegations are allegations of violations of the Fourth Amendment presumably brought under 42 U.S.C. § 1983.  (ECF No. 1).  The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to the cause of action under the law of the state in which the § 1983 claim arises.  *Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  There is a three-year statute of limitations for § 1983 claims that arise in Michigan.  *See Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)); *Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020) ("Plaintiffs' federal claims [under § 1983 and § 1985] are subject to three-year statutes of limitations.").  Plaintiff's allegations are from September 2020 and do not appear

6

time barred under the three-year statute of limitations applicable to § 1983 claims in Michigan.  As Plaintiff's claim is not time barred, he would not face substantial prejudice in terms of timeliness from having to refile his claims.

The remaining factors strongly support that an extension is warranted. Plaintiff has made good-faith efforts to effect service of process—while using incorrect documents, Plaintiff attempted to serve the Defendants.  The undersigned notes that Plaintiff is a *pro se* litigant and deserving of additional latitude to correct defects in service of process given the latitude the Court may grant an unrepresented party.  And the equitable factors of this case strongly weigh in favor of allowing additional time.  The summonses sent by the Court were returned undeliverable on April 28, 2023.  (ECF No. 19).  Thus it appears to the undersigned that Plaintiff has yet to receive the summonses for proper service of the documents in this case.  Considering the relevant factors, a discretionary extension of the time for service is warranted.

Given that a discretionary extension is warranted, the undersigned recommends that Defendants' motion to dismiss be denied without prejudice. (ECF No. 10).  The Court will concurrently issue an Order regarding service herein.  Because the Court determined the Defendants have not been served and there is cause for a discretionary extension of the time for service, the Court will not address Defendants arguments under Federal Rule of Civil Procedure 12(b)(6).

7

## II.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the motion to dismiss be **DENIED WITHOUT PREJUDICE**.  (ECF No. 10).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

8

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 14, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 14, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850

9