UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON JACKSON,
     Plaintiff,
     v.

MICHIGAN, STATE OF, *et al.*,
     Defendants.

_____/

Case No. 22-13150

Shalina D. Kumar
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO
DISMISS (ECF Nos. 23 and 29)**

**I.    PROCEDURAL HISTORY**

Plaintiff Aaron Jackson, without the assistance of counsel, filed this suit on

December 29, 2022.  (ECF No. 1).  Defendant Whipple moved to dismiss the

complaint on August 4, 2023.  (ECF No. 23).  On August 25, 2023, Defendants

Lane and Rodgers moved to dismiss the complaint.  (ECF No. 28).  In their

motion, Defendants Lane and Rodgers explain that Plaintiff served them with an

apparent amended complaint, not the original complaint.  (*Id*.).  As no amended

complaint was filed, they moved to dismiss the operative complaint.  (*Id*.).  Both

motions raise the same arguments.  The motions are fully briefed.  (ECF Nos. 32,

33).  This case was referred to the undersigned for all pretrial matters.  (ECF No.

6).

For the reasons discussed below, the undersigned recommends that
Defendants' motions to dismiss (ECF Nos. 23, 28) be **GRANTED**.

## II.    COMPLAINT ALLEGATIONS

Though Plaintiff's complaint is brief, he alleges the following.  On or around
September 18, 2020, Plaintiff noticed an unnamed state trooper standing next to his
car, outside his home.  (ECF No. 1, PageID.1).  The officer requested he come
outside his home to sign a paper and inspect the damage on his car caused by an
"av four wheeler." (*Id*.).  Plaintiff refused and the state trooper left.  (*Id*.).  Twenty
minutes later, the state trooper returned and Defendant troopers Merik Whipple,
Bradley Lane, and Jeffrey Rodgers began beating his front door and breaking the
guard window.  (*Id*.).  The troopers were armed and had his home surrounded.
(*Id*.).  The troopers stated they were looking for people in Plaintiff's residence.
(*Id*.).  Sometime later, the officers put Plaintiff in handcuffs and took him to
Genesee County Jail.  (ECF No. 1, PageID.2).  Plaintiff alleges that the officers
violated the Fourth Amendment.  (*Id*.).

## III.   ANALYSIS AND RECOMMENDATIONS

### A.    Eleventh Amendment

Plaintiff did not make clear whether he was suing Defendants in their
individual or official capacity.  To the extent that he intended to sue Defendants in
their official capacities, Defendants argue they are protected from suit by the

Eleventh Amendment.  (ECF No. 28, PageID.189).  Plaintiff did not address this argument.  The Eleventh Amendment doctrine of sovereign immunity bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, foreigners or its own citizens."  *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993).  The doctrine of sovereign immunity applies to state agencies as well as state officials sued in their official capacities.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).  When a plaintiff sues a defendant in his or her official capacity, it "is not a suit against the official but rather is a suit against the official's office."  *Id.* at 71.  Plaintiff's claims against defendants in their official capacities, therefore, are claims against the State of Michigan, and "the Eleventh Amendment bars a damages action against a State in federal court."  *Ky. v. Graham*, 473 U.S. 159, 169 (1985).  Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Defendants in their official capacities.  The official capacity claims should be dismissed.

Even so, "the Eleventh Amendment [does not deprive] . . .  federal courts of jurisdiction over state law claims for damages against state officials sued in their individual capacities."  *Williams v. Com. Of Ky.*, 24 F.3d 1526, 1543 (6th Cir. 1994), so long as the officials are "persons" within the meaning of § 1983.  *Hafer v. Melo*, 502 U.S. 21, 28–31(1991).  The undersigned will address those claims below.

B.      Dismissal Under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the Court must

"construe the complaint in the light most favorable to plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than

"labels and conclusions" or "a formulaic recitation of the elements of a cause of

action"). Facial plausibility is established "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an

inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *16630 Southfield*

*Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal

pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That

said, even in pleadings drafted by *pro se* parties, "'courts should not have to guess

at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975,

4

976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.

1989)).  "[C]ourts may not rewrite a complaint to include claims that were never

presented . . . nor may courts construct the Plaintiff's legal arguments for him.

Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police

Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report

and recommendation of Binder, M.J.); *see also*, *Evans v. Mercedes Benz Fin.

Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011)

(Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a

*pro se* plaintiff must comply with basic pleading requirements, including Rule

12(b)(6).").

### 1.    Sufficiency of the Allegations

Defendants argue that the complaint does not provide factual allegations

distinguishing the conduct of each Defendant.

In his complaint, Plaintiff claims Defendants arrested him in "violatetion

[sic] of the 4th amendment illegal search and seizure" clause.  (ECF No. 1,

PageID.2).  Plaintiff alleges "they snatched [him] out of [his] home and put [him]

in hand cuffs."  (ECF No. 1, PageID.1).  And Plaintiff claims "troopers Whipple,

Lane, and Rodgers was beating on my front door and had broken [his] armor guard

window," and that "they had big guns out."  (ECF No. 1, PageID.1).  Plaintiff did

not allege individual Fourth Amendment claims against each Defendant.

In his response to Defendants' Motion to Dismiss, Plaintiff again did not allege individual Fourth Amendment claims against each officer.  He argues "Michigan state troopers Bradley Lane, Merik Whipple, and Jeffrey Rodgers, illegally searched [his] home" and "the Michigan state police illegally entered [his] home and did an illegal search and seizure."  (ECF No. 32, Page ID.217).  But he again neglected to allege how each officer, individually, violated the Fourth Amendment.

Defendants argue Plaintiff has failed to provide "any factual basis to distinguish Rodgers' conduct from Lane's conduct or co-Defendant Whipple's conduct, instead lumping all three . . . Defendants together."  (ECF No. 28, PageID.194).  Defendants bring forth a valid claim.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal*, 556 U.S. at 677.   Plaintiff "cannot generically hold one defendant liable for another's actions.  Rather, he must allege that each defendant, through that defendant's own actions, 'subject[ed]' him (or 'cause[d]' him to be subjected) to the constitutional deprivation."  *Rudd v. City of Norton Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (quoting *Jane Doe v. Jackson Loc. Sch. Dist. Bd. Of Educ.*, 954 F.3d 925, 934 (6th Cir. 2020).  The complaint must demonstrate "what *each* defendant did to violate the asserted right."  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2022)

(emphasis in original). Actions of each defendant must be stated "separately" to "analyze the constitutionality of the individual actions of each defendant." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Plaintiff must specify the actions taken by Defendant Rodgers, Defendant Whipple, and Defendant Lane in order to distinguish the constitutional deprivation caused by each Defendant. "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard." *Marcilis v. Twp of Redford*, 693 F.3d 589 (6th Cir. 2013) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (3d Cir. 2001). By failing to "separately … analyze the constitutionality of the individual actions of each defendant," *Lanman v. Hinson*, 528 F.3d 673, 684 (6th Cir. 2008), Plaintiff does not provide enough "information to determine the liability of each individual defendant for the alleged constitutional violation." *Persehll v. Cook*, 430 F. App'x 410, 416 (6th Cir. 2011).

Because Plaintiff does not allege individual actions of each Defendant to demonstrate any constitutional violation, Plaintiff fails to sufficiently allege claims against each defendant. Therefore, Defendants' motions to dismiss for failure to state a claim should be granted.

### 2. Fourth Amendment

Defendants also argue Plaintiff's Fourth Amendment claim should be dismissed for failure to state a claim.  In their motion, Defendants argue Plaintiff must "plead (and prove) that the underlying arrest lacked probable cause."  (ECF No. 28, PageID.194).  Plaintiff only alleges facts suggesting a search and seizure occurred.  Neither his complaint nor his response to the motion to dismiss addresses a lack of probable cause.

As to Defendants' arguments related to probable cause, the Fourth Amendment ensures the right of the people "to be secure in their persons, houses … against unreasonable searches and seizures" and that "no warrants shall issue, but upon probable cause." *Camara v. Municipal Ct. of City and Cnty. Of San Francisco*, 387 U.S. 523, 528 (1967).  "It is clearly established that arrest without probable cause violates the Fourth Amendment." *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001).  "Arrests are 'reasonable' when the officer had 'probable cause to believe that a criminal offense has been or is being committed.'" *Graves v. Mahoning Cnty.*, 821 F.3d 772, 776 (6th Cir. 2016).

To successfully allege a violation of the Fourth Amendment, Plaintiff must "allege that [he was] arrested without probable cause.  Without facts regarding this 'crucial question,' *Draper v. United States* 358 U.S. 307, 310 (1959), the [plaintiff] cannot state a Fourth Amendment § 1983 claim against anyone . . . because [he has] not alleged a violation of [his] rights," *Graves*, 821 F.3d at 775 (quoting

8

*Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).  "[T]o show in response to a motion to dismiss that the arrest was wrongful, [plaintiff] must plausibly allege that it was unsupported by probable cause." *Wesley v. Campbell*, 779 F.3d 421, 429–34 (6th Cir. 2015).

Plaintiff does not address probable cause in either his complaint or his response.  Rather, Plaintiff states the actions taken by Michigan state troopers violated "the 4th Amendment illegal search and seizure."  Additionally, in his response to the motion to dismiss, Plaintiff states "state troopers . . . illegally searched my home . . . without a search warrant or probable cause to even be at my home."  (ECF No. 32, PageID.217).  That said, there are no facts to establish the lack of probable cause, rendering the claim implausible, for "[i]n the absence of allegations of 'particular (and material) facts' establishing a [probable cause] claim . . . the plaintiff [has] not stated a cognizable § 1983 claim." *Graves*, 821 F.3d at 777.  Statements made in a response to a motion to dismiss are not allegations to be taken as true.  As the Sixth Circuit has recently stated, "it is black-letter law that, with a few irrelevant exceptions, a court evaluating . . . a motion to dismiss[ ] must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases).  Thus, "[p]laintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider

9

new allegations (or evidence) not contained in the complaint." *Id.* (collecting cases).

Because Plaintiff's complaint fails to state any facts related to probable cause, Plaintiff fails to allege a violation of the Fourth Amendment. For this alternative reason, Defendants' Motions to Dismiss for Failure to State a Claim under 42 U.S.C. § 1983 should be granted.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss (ECF Nos. 23, 28) be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  November 21, 2023.                  s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on November 21, 2023.


                                           s/Sara Krause
                                           Case Manager
                                           (810) 341-7850