UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON JACKSON,

Plaintiff,

v.

STATE OF MICHIGAN et al.,

Defendants.

Case No. 22-13150
Honorable Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

---

**AMENDED ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 37), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 35), GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 23, 28), AND DENYING MOTION TO APPOINT COUNSEL (ECF NO. 38)**

---

## I.     Introduction

Pro se plaintiff Aaron Jackson filed this action against the State of

Michigan and Michigan State Troopers Bradley Lane, Merik Whipple, and

Jeffrey Rodgers, alleging unlawful search and seizure in violation of the

Fourth Amendment. ECF No. 1. This case was referred to the magistrate

judge for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 6.

Defendants filed motions to dismiss.[1] ECF Nos. 23, 28. The

magistrate judge issued a Report and Recommendation (R&R), which

---

[1] The State of Michigan filed a motion to dismiss under Fed. R. Civ. P.
12(B)(4)(5) and (6) on March 16, 2023, alleging they were never served a
copy of the complaint. (ECF No. 10) The Magistrate Judge issued an R&R
recommending the State's motion be dismissed without prejudice because

recommends granting the motions. ECF No. 35. Jackson then timely filed objections to the R&R, and defendants filed a response. ECF Nos. 37, 39. Additionally, Jackson filed a motion to appoint counsel. ECF No. 38.

## II.    Analysis

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reasons," arguments, or issues that were not presented to the magistrate may not be presented in objections to

---

good cause exists to allow plaintiff additional time to effect service of process on the defendants. ECF No. 21. The undersigned adopted the R&R and denied the State's motion without prejudice. ECF No. 34.

the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)

(citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021)

(internal citations, quotations, and marks omitted).

In his first objection, Jackson states that he objects to the R&R in its

entirety and then recites the case's procedural history. "The filing of vague,

general, or conclusory objections does not meet the requirement of specific

objections and is tantamount to a complete failure to object." *Fields v.*

*Lapeer 71-A Dist. Court Clerk*, 2 F. App'x 481, 483 (6th Cir. 2001).

Because his recitation of the case's procedural history does not challenge a

specific conclusion of the R&R, the Court overrules his first objection.

For his second objection, Jackson asserts that his complaint and

response brief sufficiently showed a lack of probable cause and then

provides a recitation of the facts of his case. As with his first objection,

Jackson's second objection does not clearly object to a specific conclusion

of the R&R.

Even if the Court were to construe this objection as a challenge to the R&R's conclusion that Jackson's complaint does not state any facts related to probable cause and thus fails to allege a Fourth Amendment violation, it would be without merit. Although Jackson includes a statement of facts in his objection, he provides no citations and mixes new allegations with ones previously raised in his complaint and response. Jackson's objection fails to indicate how the complaint sufficiently sets forth facts showing defendants lacked probable cause. Indeed, the complaint only alleges facts suggesting a search and seizure occurred and generally discusses Fourth Amendment law—it does not allege facts suggesting the search and seizure lacked probable cause. ECF No. 1, PageID.3. Accordingly, the Court overrules Jackson's second objection.

Finally, although the State of Michigan did not renew its motion to dismiss, the Court can dismiss it for the same reasons it dismissed the other defendants. "A court dismissing a [party's] claims against moving defendants may sua sponte dismiss nonmoving defendants as well where it is clear that the same ruling would inevitably apply to" the other defendants. *Spicer v. Michigan*, 2020 WL 12443428, at *5 (E.D. Mich. Mar. 19, 2012)); *see also Melton v. Blankenship*, 2009 WL 87472, at *4 (6th Cir. Jan. 13, 2009). The Court finds that its ruling on defendants Lane, Rodgers and

Whipple's motions also applies to the State of Michigan, and thus it will also dismiss the complaint as to it.

## III.   Conclusion

The Court, having reviewed the R&R, **OVERRULES** Jackson's objections (ECF No. 37) and **ADOPTS** the magistrate judge's R&R. ECF No. 35.

Accordingly, **IT IS ORDERED** that defendants' motions to dismiss (ECF Nos. 23, 28) are **GRANTED,** and the case is **DISMISSED**. Jackson's motion to appoint counsel (ECF No. 38) is **DENIED AS MOOT**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: March 12, 2024